## Duckett's Estate.

*Wills—Distribution per capita or per stirpes—Children—Issue.*

Where testator in two clauses in his will uses the words "children" and "issue" interchangeably for "children" the court in construing a third clause in the will in which there is a doubt whether the word "issue" is used in the sense of children, will construe the word as meaning children.

Testator gave the residue of his estate to his executors in trust to pay one-third of the income to his wife during life and the remaining two-thirds thereof to his three children during their lives, and after the death of his wife and the three children "then to hold all the said estate and property in further trust upon the uses and trusts following, that is to say, to and for the only proper use and behoof of the lawful issue of my said children, their heirs and assigns forever share and share alike; and in case there shall not be any such lawful issue, then the same to be divided between my nearest of kin, their heirs and assigns share and share alike." In two other clauses in the will the testator used the word "issue" as the equivalent of "children." After the death of testator's wife and three children there survived nine children by a daughter, and three children by a son. *Held*, that the word "issue" in the clause quoted should be construed as meaning "children," and that distribution should be made among the two sets of grandchildren per capita, and not per stirpes.

Argued Jan. 3, 1906. Appeal, No. 366, Jan. T., 1904, by Joseph Stelwagon et al., from decree of O. C. Phila. Co., April T., 1880, No. 257, dismissing exceptions to adjudication in Estate of Joseph H. Duckett, deceased. Before MITCH-ELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEW-ART, JJ. Reversed.

Exceptions to adjudication.

The material portions of the will of the testator were as follows :

" 3. I give and bequeath to my daughter, Sarah Duckett, the sum of $1,000 to be paid to her immediately after my decease as an equivalent for gifts by me to my other children made during my lifetime and, in the event of my said daughter Sarah Duckett dying before me leaving issue, then the same to be paid to such children of the said Sarah Duckett as may then be living equally share and share alike, but if the said Sarah Duckett dies before me without issue then the said sum to become part of my residuary estate.

" 4. I give devise and bequeath unto my sister Mrs. Elizabeth

Wilson—widow—the house and lot of ground situate No. 1,228 Palethrop street in said city to use, occupy and enjoy the same for and during the term of her natural life, also to let and demise the same for said period and from and immediately after her decease unto her daughter Rosamond Wilson for her sole and separate use her heirs and assigns forever; but in the event of the said Rosamond dying before the decease of her mother, Elizabeth Wilson, leaving issue living, then to such issue their heirs and assigns forever absolutely. And if the said Rosamond should die without leaving any such child or children to survive her then unto my children or the issue of my children as may be living, their heirs and assigns absolutely.

"5. All the rest, residue and remainder of my estate and property, real personal and mixed whatsoever and wheresoever whereof I may die seized and possessed, or to which I may be in any manner entitled at the period of my decease I do give, devise and bequeath unto my executors hereinafter named and the survivor of them and the heirs and assigns of such survivor forever to hold the same in trust to collect and receive the income, interest and dividends thereof and pay over the same from time to time as received in manner following, viz.: One-third of the annual net profits and income thereof to my said wife Harriet E. Duckett for and during all the term of her natural life and the remaining two-thirds of the annual net profits and income thereof to be divided equally between my three children, viz., Margaret W. Stelwagon (formerly Duckett), wife of Joseph Stelwagon of said city, paper manufacturer, Sarah Duckett, and William Henry Duckett—for and during all the terms of their natural lives—except the share thereof to the said William Henry Duckett which is to be divided as follows, viz., two-thirds of said one-third share of the residue of said annual net profits and income unto the said William Henry Duckett for and during all the term of his natural life. And the remaining one-third of said one-third share of the residue of said annual net profits and income unto my two granddaughters Harriet and Laura Duckett, children of the said William Henry Duckett to be applied in half yearly payments to and for the support, maintenance and education of my said granddaughters in equal shares during their minority and afterwards as they respectively attain majority to pay the

said proportions of the residue of the said income interest and dividends to them in equal shares as received for and during all the term of each of their natural lives and in the event of either of my said granddaughters dying before their said father, then to pay the same to the survivor of them and in the event of the father of my said granddaughters surviving both of them to pay the whole of the said one-third of the residue of the net annual income and profits thereof unto their said father William Henry Duckett for and during all the term of his natural life.

" And from and after the decease of my said wife Harriet E. Duckett and of my children, Margaret W. Stelwagon, William Henry Duckett and Sarah Duckett then to hold all the said estate and property in further trust upon the uses and trusts following, that is to say : to and for the only proper use and behoof of the lawful issue of my said children, Margaret W. Stelwagon, William Henry Duckett and Sarah Duckett their heirs and assigns forever share and share alike, and in case there shall not be any such lawful issue then the same to be divided between my nearest of kin their heirs and assigns share and share alike."

Other facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*John G. Johnson,* with him *Franklin L. Lyle, William M. Meredith, Joseph H. Shoemaker* and *Henry Trumbore,* for appellant.—The devise to issue was the devise of an estate vesting absolutely in such as answered the description at the testator's death and opening to let in those afterward born who answered that description. The estate in remainder thereafter vested in a class, viz. : the testator's grandchildren (not one of his grandchildren was dead at the time of testator's death) and opened to let in such other grandchildren as should be afterwards born: Haskins v. Tate, 25 Pa. 249 ; Wolford v. Morgenthal, 91 Pa. 30 ; Hague v. Hague, 161 Pa. 643.

That the testator did use the word "issue" in the sense of " children " will be seen from the manner in which he repeatedly uses it as synonomous with the word " children : " O'Rourke v. Sherwin, 156 Pa. 285.

A bequest to a number of persons not named, but answering to a general description, is a gift to them as a class : Denlinger's

Estate, 170 Pa. 104; Harrison's Estate, 18 Pa. Superior Ct. 588; Gest v. Way, 2 Wharton, 445; Earnest v. Earnest, 5 Rawle, 213.

*A. W. Horton,* with him *George G. Cookman,* for appellee.— It is evident from an examination of the whole will that the testator intended to divide his estate per stirpes.

1. By a gift of the income to his three children in equal shares.

2. By a gift of one-third of his son's share of income to his son's two daughters for life and to the survivor of them.

3. By directing that his residuary estate should be divided into three shares, the issue of each child to take one share between them. The words " share and share alike," are applicable to class shares and not to the individuals composing the classes. The equality of distribution was among children and not grandchildren.

4. By appearing to have had in mind the mode of distribution adopted by the intestate laws, which is shown in: Thomas's Estate, 18 W. N. C. 28; Osburn's App., 104 Pa. 637; Risk's App., 52 Pa. 269; Young's App., 83 Pa. 59; Hoch's Est., 154 Pa. 417; Hiestand v. Meyer, 150 Pa. 501; Miller's Estate, 26 Pa. Superior Ct. 453; Harris's App., 74 Pa. 452; Grim's App., 89 Pa. 333; Minter's App., 40 Pa. 111; France's Estate, 75 Pa. 220; Ashburner's Estate, 159 Pa. 545.

It is clearly settled that the word " issue," unconfined by any indication of contrary intention, includes all descendants. Intention is required for the purpose of limiting the sense of that word, and restraining it to children: Miller's Appeal, 52 Pa. 113; Campbell's Estate, 202 Pa. 459.

*John G. Johnson,* with him *Franklin L. Lyle, William M. Meredith, Joseph H. Shoemaker* and *Henry Trumbore,* for appellant, in reply.—There is no gift of the income to the three children in equal shares: Brett v. Horton, 4 Beav. 239; Nockolds v. Locke, 3 K. & J. 6.

The gift of one-third of the son's share of income to the son's two daughters for life does not indicate any intention to distribute the corpus per stirpes.

The testator does not direct that his residuary estate be divided into three shares.

OPINION BY MR. JUSTICE STEWART, March 12, 1906 :

The matter in dispute here is the proper method of the distribution of the testator's estate. The testator, Joseph H. Duckett, died April 5, 1867, leaving to survive him a widow, Harriet E., who died September 24, 1872, and three children (1) Sarah A., who died unmarried and without issue April 6, 1904 ; (2) Margaret W. Stelwagon, who died November 28, 1889, leaving nine children, namely, William H., Robert P., Henry W., John W., Joseph Weightman and Frank M. Stelwagon, Harriet S. Mullen and Margaret S. Craig, all of whom are now living, and (3) William H. Duckett, a son who died in 1880, leaving three children, namely, Laura E. C. Cookman, still living, Harriet W. Lippincott, who died in 1889, leaving a daughter, Laura E. Lippincott, living, and William Duckett, Jr., a son by a second marriage, who died in 1880, leaving a minor child, Robert N. Duckett, still living.

The testator in the fifth clause of his will devises his entire residuary estate to his executors in trust, to pay over one-third the income therefrom to his wife during her life, and the remaining two-thirds to his three children during their lives ; the share of his son, William Henry, therein to be divided between the said William Henry, who was to receive two-thirds of the same, and his two children, Harriet and Laura Duckett, who were to receive in equal parts the remaining third.

The final disposition under which the present controversy arises is as follows : " And from and after the decease of my said wife, Harriet E. Duckett, and of my children, Margaret W. Stelwagon, William Henry Duckett and Sarah Duckett, then to hold all the said estate and property in further trust upon the uses and trusts following, that is to say, to and for the only proper use and behoof of the lawful issue of my said children, Margaret W. Stelwagon, William Henry Duckett and Sarah Duckett, their heirs and assigns forever share and share alike ; and in case there shall not be any such lawful issue, then the same to be divided between my nearest of kin, their heirs and assigns share and share alike."

The distribution ordered in the court below was per stirpes, and resulted in very decided inequality of shares as between testator's grandchildren. From the decree of distribution, the children of Margaret W. Stelwagon have appealed, and their

contention is, that under the above-recited clause of the will, testator's grandchildren took a vested interest in the residuary estate; that the devise is to them as a class, and that the proper rule for distribution is per capita. The devise is to the "lawful issue of my said children," etc. The case turns on the meaning to be given these words. We are required to allow them their legal import, unless something is discovered in the will clearly indicating a meaning inconsistent therewith. Then too, we are to allow them their plain and ordinary meaning, unless it appear from an examination of the will, that they were used by the testator in a special and peculiar sense. It is the intention of the testator that is to be sought for. If it appear that in parts of the will he has employed terms in a way clearly indicating his own understanding of their import, however this may differ from their legal or ordinary meaning, there can be no safer way of developing the testator's purpose than to give to these same terms, when elsewhere appearing throughout the instrument, the same meaning the testator has attached to them in the particular instances where his understanding of them is apparent, except as a different purpose in their use is expressed. The will before us furnishes a key, by means of which the sense in which the testator used the words lawful issue is easily discoverable. In the earlier bequest to his daughter, Sarah Duckett, he provides, that if his said daughter should die in his lifetime leaving issue, then the legacy bequeathed was to be paid to such of her children as might then be living. And in the earlier devise to his sister, Mrs. Wilson, for life with remainder to her issue, their heirs and assigns forever, absolutely, he further provides, that upon her death, without leaving such child or children to survive her, then the estate was to go over. In both instances the testator used the words issue and children, not only interchangeably, but it is apparent beyond possible dispute, that the beneficiaries intended under these several clauses were the children of the several first takers. This repeated use of the word issue to designate children, forbids that it should be given any different meaning in the residuary clause, in the absence of anything to show that other meaning was intended.

Adopting this view of the case, and reading the residuary clause, as though children was the word employed, since by

issue, children were meant, the word issue calls for no interpretation : it is not a governing word. The devise is to the children of testator's three children ; the estate vested in those answering this description. If the word were issue, beyond doubt remoter descendants would take under the devise; but the word issue having been found to mean children, none but those within the class so indicated can take.

By directing a distribution per stirpes, the court below thought to avoid a state of things, which, under the construction we have given the will, could not possibly arise. The consideration that influenced their action was, that allowing the word issue its legal significance, remoter descendants, those of the third generation, would be introduced as beneficiaries under the will, and thus a per capita distribution, " would weld into one class those whom nature had divided into two, and in that respect would run counter to the human instinct." The court very correctly concluded that an analysis of the will shows such a distribution to be adverse to testator's intent. But, as we have said, the word issue is not in the will, except as it means children ; and under the terms of the devise as we have found it to be, grandchildren's children can only take by way of succession in the right of the parent in whom the estate vested. It is very evident that testator contemplated no such distribution as that the court below sought to avoid ; and his purpose in this regard is manifest, not so much by the slight indications which may be found in the will of his having had the statutes of distribution in his mind, as by the plainly expressed and evident purpose he had to give his entire residuary estate to his grandchildren as a class. The case calls for a per capita distribution among those entitled to take, to wit: the children of testator's children, Margaret W. Stelwagon, and William Henry Duckett. The decree of the court below is reversed, and distribution is directed to be made in accordance herewith.