#### ALLEN v. REED et al.

(Court of Appeals of District of Columbia. Submitted October 8, 1926. Decided January 3, 1927. Petition for Rehearing Denied February 5, 1927.)

#### No. 4426.

1. Wills ⬤497(2), 498—Devise of remainder, conditioned on daughter leaving "issue" surviving, and providing sale of property and support of "children," held ineffective, where daughter was survived by grandson only.

Where will gave real estate to testator's wife and daughter for life, and provided "that on the decease of my said wife and daughter, the latter leaving issue her surviving who are minors," the property should be sold and the proceeds invested, and income applied to support of said "minor children," and where testator's daughter was survived only by a minor grandson, held, grandson was not "child," within meaning of devise; hence devise was ineffective, the word "children" meaning immediate descendants in the first degree, unless the language of the instrument indicates a contrary intent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Child— Children (in Wills); Issue (Descendants).]

2. Wills ⬤498—Daughter, survived by a minor grandson, held not to have died "without leaving issue surviving," within meaning of will; "issue."

Devise of remainder in realty to testator's collateral kin, provided his daughter died "without leaving issue surviving," held ineffective, where testator was survived by a minor grandson; the word "issue" meaning descendants, and not being restricted to children.

3. Wills ⬤452—Law favors construction not tending to disinherit children or heirs of deceased.

The laws favors a construction of a will which will not tend to disinherit heirs and children of deceased, unless intention to do so is clearly expressed.

4. Wills ⬤458—Use of word "issue" in particular sense in one clause does not require like construction in every other clause.

Use of word "issue" as meaning children only in one clause of will does not require it to be construed in the same sense in every other clause.

Robb, Associate Justice, dissenting.

Appeal from Supreme Court of District of Columbia.

Suit for construction of certain items of the will of Silas Holmes, deceased. From a decree construing will favorably to Keziah Reed and others, Lorenzo Allen, by his guardian ad litem, appeals. Reversed, and cause remanded.

J. A. Cobb and G. E. C. Hayes, both of Washington, D. C., for appellant.

W. C. Clephane and J. W. Latimer, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This suit was brought to obtain a construction of certain items of the last will and testament of Silas Holmes, deceased, purporting to dispose of his real estate. The appellant, Lorenzo Allen, is the testator's great grandson and next of kin, while the appellees are Walter Holmes, a nephew of testator, said to be his adopted son,

and testator's surviving brother and the children of his deceased brothers and sisters.

The testator was a resident of the District of Columbia, and departed this life on December 25, 1897, survived by his wife, Annie Holmes, and his married daughter, Virginia Allen. His last will and testament was regularly admitted to probate and record in the District. By items 2 and 3 of the will he devised all of his real estate to his widow and daughter aforesaid, as joint tenants for the terms of their natural lives. The remainder, subject to these life estates, was dealt with by items 4 and 5 of the will, reading as follows, to wit:

"Item 4. That upon the decease of my said wife and daughter, the latter leaving issue her surviving, who are minors, all of said above described Real Estate, remaining unsold, as hereinafter provided, shall be sold by the then executor of my will, under the authority of the orphans' court of the District of Columbia, and the proceeds thereof invested under the orders of said court, and the interest arising from said investment applied to the support of said minor children of my said daughter, and the principal, upon said children arriving at the majority of the youngest of them, shall be divided into and paid to them in equal shares; after deducting from said principal one thousand dollars of said sum, which I hereby give, devise and bequeath to my nephew and adopted son, Walter Holmes.

"Item 5. If, after the decease of my said wife, my daughter shall die without leaving issue surviving, then and in that case, I will, devise, and bequeath all of said property to the said nephew and adopted son, Walter Holmes, and to my brothers and sisters then living, or to their heirs, if deceased, in equal shares."

In item 4, accordingly, the testator provides that after the death of his wife and daughter, if the latter leaves "issue her surviving, who are minors," and whom he describes later in the same item as the "said minor children of my said daughter," the real estate shall be sold and the money finally divided among them, subject to a bequest of $1,000 to his "nephew and adopted son," Walter Holmes.

[1] Testator's widow died in the year 1916, and his daughter in 1921. The latter left no children or other descendants surviving her, except appellant, who is her grandson and a minor. He claims to be the devisee under item 4, upon the ground that he survived testator's said daughter as her issue, and is a minor, and that he comes within the classification of "minor children" as intended by the item. The lower court rightly held against this claim. The word "children," when used in a deed or will, has in law a well-defined meaning. It refers to the immediate descendants in the first degree of the person named as ancestor, unless there is something in the language of the instrument itself indicating a contrary intent. There is nothing in the language of item 4, indicating an intention upon testator's part to use the word in any unusual sense. It follows that, since testator's daughter died without leaving children surviving her, the devise in item 4 never became operative, and appellant can take nothing under it.

[2] This brings us to item 5 of the will. That item contains a devise to Walter Holmes and the surviving brothers and sisters of testator or their heirs: Provided, however, that the devise shall not become effective unless testator's daughter should die "without leaving issue surviving." It is contended by appellant that testator's daughter did not die without leaving issue surviving her, since the appellant, her grandson, survived her. He contends, consequently, that the express condition upon which the devise depended had failed, and that the devise never became effective.

The appellees argue that in item 4 testator used the words "issue" and "children" interchangeably, and therefore that "issue," when used in item 5, should correspondingly be construed as equivalent to "children." If this construction be adopted, it would follow that the devise in item 5 would be effective, since testator's daughter died without children surviving her. The lower court sustained this contention, but we think this ruling erroneous. We are of the opinion that the word "issue," as used in item 5, should be construed as meaning descendants, which is its usual and ordinary sense, and that it should not be restricted so as to signify "children" alone.

The words "issue," or "lawful issue," when used in a will, are prima facie to be interpreted in their ordinary sense as embracing all future descendants, and are to be construed as words of limitation of the inheritance equivalent to the technical expression "heirs of the body." 28 R. C. L. 257.

In its legal sense, as used in statutes, wills, deeds, and other instruments, "issue" means descendants; lineal descendants; offspring. 33 C. J. 818.

"Issue," as referring to descendants, is not

wholly technical, but has a natural signification and common use. The term is to be construed naturally, and to be taken in its ordinary, proper, and common acceptation, unless it clearly appears that it is used in a different sense. 33 C. J. 819.

It is true that in item 4 testator devises his real estate to his daughter's minor children, if any such should survive her, and that he describes the devisees in two ways in the item, first, as his daughter's "issue her surviving, who are minors," and next as "said minor children" of his daughter. But the use of these two descriptions in item 4 does not rightly lead to the conclusion that, when testator uses the word "issue" in item 5, without qualification or explanation, he intends to use it in the restricted sense of children only. There is nothing in item 4 tending to show that testator desired or intended to disinherit the grandchildren of his daughter, if she died leaving only grandchildren surviving her. Nor does the record disclose any extraneous facts making such a purpose likely. Such grandchildren would be testator's lineal descendants and next of kin, and his natural heirs.

If he had intended to devise his property to his collateral kin, to the exclusion of his own lineal descendants, simply because the descendants were the grandchildren, instead of the children, of his daughter, he would doubtless have clearly expressed that intention, and not left it to obscure and doubtful construction. In our opinion, therefore, when testator made the devise to his collateral kin conditional upon the prior decease of his daughter without issue surviving her, he used the word "issue" in its usual and ordinary sense, which would include all lineal descendants. This view is consistent with natural justice, and the usual conduct of mankind.

[3] In construing wills, the law favors a construction that will not tend to the disinheriting of heirs, unless the intention to do so is clearly expressed. That meaning is to be preferred which inclines to the side of the inheritance of the children of the deceased child. Scott v. Guernsey, 48 N. Y. 106.

[4] Moreover, there is no inflexible rule that, if the word "issue" is evidently used in one clause of a will as meaning "children" only, it must be construed in the same sense in every other clause of the will.

"Am I bound by authority to construe the word 'issue' in the former clause as meaning 'children' only, merely because I find that it is expressly restricted to children in the latter clause? I think I am not. I think I am bound to look at the whole of the deed, and, if I find that it was not intended to restrict the meaning of the word in the earlier clause, I must give the word in that clause its proper unrestricted meaning. I am not bound to restrict the meaning, unless there would otherwise be a manifest inconsistency, or I should be defeating the plain intention of the parties." Pearson, J., In re Warren's Trusts, 26 C. D. 216.

"The word 'issue' may, and does often, mean children, and more than children. The testator in one place accompanies the use of the word by expressions which signify that on that occasion he means children only; but it does not follow that in another place, where the word is not accompanied by such expressions, the same limited meaning is intended; and in this clause, and with reference to this half of the residue, there is no prior limitation in favor of particular objects, beyond whom the meaning of the word might be held not properly to extend." Lord Langdale, M. R., in Carter v. Bentall, 2 Beavan's Rep. 558.

We conclude that neither of the devises contained in items 4 and 5, respectively, ever became operative. The first one failed because testator's daughter died without leaving minor children surviving her; the second failed because testator's daughter died leaving issue, to wit, her grandson, surviving her. The testator, therefore, died intestate as to the real estate. The decree of the lower court is accordingly reversed, and the cause is remanded for further proceedings not inconsistent herewith. Costs to be paid out of the assets of the estate.

ROBB, Associate Justice (dissenting). It may be that the disposition my associates have made of the residuary estate of this testator is more equitable than that provided by him in his will; but he had a right, as the owner of this property, to dispose of it as he saw fit, so long as he observed legal requirements, and the court should not substitute its will for his.

The scholarly and carefully prepared opinion of the learned trial justice fully covers the case. Under item 4 of the will, the testator used the word "issue" in a restricted sense; that is, as referring to the children of his daughter. In the next item, or item 5, he provided that, if his daughter died "without leaving issue," that part of his estate mentioned in item 4 should go to his "said nephew and adopted son, Walter Holmes," and to the brothers and sisters of the testator

then living, or their heirs. There is not a word in item 5 to indicate that the testator there used the word "issue" in a different sense than in item 4.

In Re Duckett's Estate, 214 Pa. 362, 363, 63 A. 830, it was said: "It is the intention of the testator that is to be sought for. If it appear that in parts of the will he has employed terms in a way clearly indicating his own understanding of their import, however this may differ from their legal or ordinary meaning, there can be no safer way of developing the testator's purpose than to give to these same terms, when elsewhere appearing throughout the instrument, the same meaning the testator has attached to them in the particular instances where his understanding of them is apparent, except as a different purpose in their use is expressed."

Who can say that the testator preferred to leave this particular part of his estate to a great-grandson, not then in being, rather than to his "nephew and adopted son" and to his brothers and sisters? But, however that may be, he did not express such a preference in his will.