### ALLEN v. JOHNSON et al.
### No. 6074.

Court of Appeals of the District of Columbia.

Argued March 8, 1934.

Decided April 23, 1934.

George C. Gertman, of Washington, D. C., for appellant.

Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal is from a final decree dismissing appellant's bill, and denying him relief.

It appears that in December, 1897, Silas Holmes, a resident of the District of Columbia, died testate and his last will was duly admitted to record. He was survived by his widow, Annie Holmes, and by a daughter, Virginia Allen. The appellant, Lorenzo Allen, is a greatgrandson of decedent, born after decedent's death, and is his only surviving descendant and his next of kin. Decedent was also survived by a sister, Keziah Reed, and by the descendants of deceased brothers and sisters.

The estate left by decedent consisted almost exclusively of a certain valuable piece of real estate, improved by a dwelling house, situate in the city of Washington, D. C., and decedent undertook to dispose of it by the provisions of his will. However, after the death of decedent's widow and daughter, a dispute arose between the greatgrandson of decedent and decedent's collateral kindred as to the proper interpretation of the will; each side claiming to be the exclusive owners of the property, either by devise or inheritance. This dispute gave rise to four suits between the parties in the Supreme Court of the District of Columbia, three of which were appealed to this court, and one was reviewed by the Supreme Court of the United States.

Hereinafter when we speak of these cases we shall refer to the greatgrandson as the appellant and the collateral kindred as the appellees; that being their position in the present appeal.

The first of the cases in the Supreme Court of the District of Columbia was an interpleader suit in which the contestants were made parties. This was begun in August, 1922, by one Walker, a real estate agent, who had collected and still held rents arising from the property. The prayer of his bill was that the court should hear and determine the conflicting claims of the parties as to the ownership of the property, and by its decree enable him to pay the money in his possession to the persons entitled to receive it. In July, 1925, a decree was entered in the case whereby it was held that under a proper construction of decedent's will the property was devised to the present appellees and not to the appellant herein.

This case was duly appealed to this court, without supersedeas, and on June 1, 1926, while the appeal was pending and not yet heard or decided by the court, the appellees as plaintiffs, relying upon the decision in the lower court, commenced an action in ejectment in that court against the appellant as defendant to secure possession of the property. In July, 1926, judgment for possession in behalf of the appellees was entered by the court in the ejectment case, and the judgment thereon was executed. No appeal was ever taken from this judgment.

In January, 1927, a date subsequent to the judgment for appellees in the ejectment case, this court reversed the decision of the Supreme Court of the District of Columbia entered in the interpleader case, which had been pending upon appeal in the meantime, and held that the appellant herein was the true owner of the property. A mandate

thereupon was issued to the lower court to carry our decision into effect. Allen v. Reed, 57 App. D. C. 78, 17 F.(2d) 666.

In December, 1927, the appellant, relying upon this decree as authority, brought an action in ejectment in the Supreme Court of the District of Columbia against the appellees to recover possession of the property. In this case the appellees pleaded the final judgment rendered in their favor in the prior ejectment case as res judicata of the issue. The trial court sustained the plea and entered judgment against appellant. An appeal from the judgment was taken to this court, and we reversed it. As explanatory of our decision, we may quote the following extract taken from it: "The judgment in the first ejectment proceeding was dependent entirely upon the title acquired through the decree of the Supreme Court of the District of Columbia. [Rendered in the interpleader case.] But that decree, on appeal, was reversed, and therefore became void. It conveyed no title whatever upon which the parties could base their action for possession. * * * The decree based upon the mandate of this court was the first and only final decree upon which a judgment in ejectment could be based. The first ejectment suit was merely in aid of the first decree. When that decree was reversed, 'vacated, set aside, and for nothing held,' the judgment for possession shared the fate of the decree upon which reliance was placed for title. It is elementary that when a judgment, order, or decree is set aside, a dependent judgment or proceeding based upon it for its validity shares its fate and falls with it." Allen v. Reed, 60 App. D. C. 346, 54 F.(2d) 713, 714.

Our foregoing decision was reversed by the Supreme Court of the United States in Reed v. Allen, 286 U. S. 191, 52 S. Ct. 532, 533, 76 L. Ed. 1054, 81 A. L. R. 703. It was there held that the judgment in favor of appellees recovered in the first action of ejectment, never having been appealed, was a bar to the action of ejectment subsequently brought by the appellant, notwithstanding the subsequent reversal of the judgment in the interpleader case, upon the principle that a judgment not set aside upon appeal or otherwise is equally effective as an estoppel upon the points decided, whether the decision be right or wrong. Upon this point the Supreme Court spoke in part as follows: "The rule has been settled for this court that, where a judgment in one case has successfully been made the basis for a judgment in a second case, the second judgment will stand as res judicata, although the first judgment be subsequently reversed. Deposit Bank of Frankfort v. Board of Councilmen of City of Frankfort, 191 U. S. 499, 24 S. Ct. 154, 48 L. Ed. 276. * * * These decisions constitute applications of the general and well-settled rule that a judgment, not set aside on appeal or otherwise, is equally effective as an estoppel upon the points decided, whether the decision be right or wrong."

On March 15, 1933, a date subsequent to the decision of the Supreme Court, supra, the present case was begun by appellant in the Supreme Court of the District of Columbia, wherein the appellant prayed the court to decree that the appellees held the legal title to the property in question subject to the right of appellant to all of the rents and profits thereof, praying that a constructive or implied trust be imposed upon the property, that the appellees be declared to be trustees holding the legal title of the property in trust for the appellant, and that the decree formerly entered by the Supreme Court of the District of Columbia by mandate of this court be enforced and effectuated, and if necessary for such purpose, be amended.

The lower court held against this claim of appellant and dismissed his bill of complaint, whereupon the present appeal was taken to this court.

Upon a review of the foregoing facts we are unable to see how our former decree can now be enforced in view of the fact that it has been reversed by the decision of the Supreme Court of the United States in Reed v. Allen, supra. The entire subject involved in this litigation was before that court in that case, and the issue arising between the parties in the present case was fully and effectually settled by its decision. The issue therein related to the ownership of the described real estate without regard to any distinction between the legal or equitable estate therein. The decision of the court covered the entire estate, both legal and equitable, in the property. It was held by the court that under the judgment in the first ejectment case the appellees were the owners of the property, and that, inasmuch as the judgment was not appealed, this ownership still obtains between the parties. The case seems to require no further discussion.

The decree of the lower court is affirmed with costs.

Mr. Justice GRONER took no part in the decision of this case.