468

## In re ROBINS' ESTATE.
### No. 56428.

District Court of the United States for the District of Columbia.

March 28, 1941.

Erskine Gordon and Herbert S. Ward, both of Washington, D. C., for petitioners.

G. B. Craighill, of Washington, D. C., for respondents Charles Russell MacGregor and John P. Whaley.

Scott D. Kellogg, of Washington, D. C., guardian ad litem for minor respondents.

MORRIS, Associate Justice.

The executors under the will and codicil of William L. Robins, deceased, by petition, ask for directions as to the manner in which distribution of the residue of decedent's estate shall be made. Answers have been filed by all interested parties, including the guardian ad litem, appointed to represent the interests of minors. The tenth item of the will here under consideration reads as follows:

"All of the rest, residue and remainder of my estate, of every character and description, I give and bequeath to the issue, living at the time of my decease, of my cousins hereinafter named as follows:

Four-eighths (4/8) to the issue of Emma Kate Whaley

One-eighth (1/8) to the issue of Ethel Purnell MacGregor

One-eighth (1/8) to the said issue of Frances Purnell Thebaud

Two-eighths (2/8) to the said issue of Blanche Purnell Russell.

Should any of the fractional bequests fail for want of issue, the total of the numerators of the survivors' fractions shall be taken as a new denominator and for purposes of distribution the numerators of the survivors' fractions shall be written above such new denominator, and the said distribution shall be made in accordance with such newly determined fraction."

It is stated in the petition, and admitted by the answers, that Frances Purnell Thebaud is an adult and at the time of the death of the testator, on January 28, 1940, had no children or descendants. For this reason, the bequest of one-eighth of the residue to her issue has failed, and the other fractional bequests of residue have been thereby increased from eighths to sevenths.

The descendants of Emma Kate Whaley who were living at the time of the death of the testator are:

(a) John F. Whaley, adult son. He has no children or descendants and had none at the time of the testator's death.

(b) Katharine W. Cummins, adult daughter. She has one minor child, Richard Cummins, age 20 years.

(c) Dr. Thomas B. Whaley, adult son, who has one minor child, Anna Whaley, age 11 years.

(d) Ellen R. W. Patton, adult daughter. She has two minor children, William Whaley Patton, age 12 years and Thomas Patton, age 8 years.

The descendants of Ethel Purnell MacGregor who were living at the time of the death of the testator are:

(a) Charles Russell MacGregor, adult son, who has no children or descendants and had none at the time of the testator's death.

(b) George Purnell MacGregor, adult son. He has two minor children, Ethel Ann MacGregor, age 4 years, and George Purnell MacGregor, Jr., born December 13, 1939.

The descendants of Blanche Purnell Russel who were living at the time of the death of the testator are:

(a) Alexander H. Russell, adult son.

(b) Margaret Purnell Russell, adult daughter.

(c) Ethel Amelia Russell, adult daughter.

(d) Anna Blanche Russell, adult daughter.

(e) Alexandra Russell, adult daughter.

None of these children of Blanche Purnell Russell have any children or descendants.

Petitioners are of the opinion that the two-sevenths of the residue of the estate bequeathed to the issue of Blanche Purnell Russell should be equally divided among her five children above named, share and share alike. The court is requested to direct the petitioners what parties are rightfully entitled to receive the four-sevenths of residue bequeathed to the issue of Emma Kate Whaley and the one-seventh of the residue bequeathed to the issue of Ethel Purnell MacGregor.

It is contended by John P. Whaley, son of Emma Kate Whaley, and Charles Russell MacGregor, son of Ethel Purnell MacGregor, both of whom have no children, that the word "issue" in the residuary bequest should be construed as children, or in the alternative the word "issue should be construed as synonymous with descendants, and the distribution to the "issue" of the persons named in said residuary bequest "should be per stirpes [sic], and not per capita."

The answers of Katharine W. Cummins, daughter of Emma Kate Whaley, and Thomas B. Whaley, son of Emma Kate Whaley, both of whom have one minor child, state it to be their opinion and belief that it was the intention of the testator that the word "issue" be construed "to mean children when there were children, and grandchildren only where there were no living children, and where a child had died, the grandchildren or children of the deceased child were to divide equally between them that one portion."

To the contrary, it is contended by the guardian ad litem, appointed to defend the interests of the minors, Ethel Ann MacGregor, George Purnell MacGregor, Jr., James Dirickson Cummins, Jr. (who is the same person referred to in the petition of the executors as Richard Cummins), William Whaley Patton, and Ann Whaley, that the word "issue," as used in the residuary bequest should not be construed as equivalent to children, and that the distribution should be made per capita among the children and grandchildren of the named cousins.

Few questions have been the source of more judicial concern and comment, both in the English and American courts, than the effect to be given to the use of the word "issue" in conveyances and testamentary dispositions. When used as a word of purchase, it was early held to designate a class, including all descendants, each of whom should take equally—this because it was thought that the word had a technical legal meaning which required this result. No sooner had the rule been stated, however, than exceptions, qualifications, and departures began to appear. Decisions throwing light on this development are gathered and discussed in the annotation in 2 A.L.R. 930, and in a supplemental annotation in 117 A.L.R. 691. A most illuminating discussion appears in Section III of Redfield on Law of Wills, page 37. The subject has been one of much discussion in articles appearing in the various law reviews, 6 Illinois Law Review 230 (1911); 35 Yale Law Journal 571 (1926); and 48 Harvard Law Review 1231 (1935).

In some of the States, of which Massachusetts is the original, it is considered that the word "issue" connotes representation and, unless the contrary intent plainly

appears, it is to be given that effect. In other jurisdictions, of which New York is an example, "even a faint glimpse of a different intention" will result in a departure from the original rule, and it will be construed as intending representation. Other jurisdictions, of which South Carolina is typical, reach the same result by construing the word to be equivalent to "heirs of the body," and looking to the statutes of descent and distribution to determine by what persons, and in what parts, the testator intended his property to be taken. Recent decisions indicate that the courts of Maryland incline to the view that the word should be construed, where a contrary intention does not appear, as equivalent to children. I do not mean, however, to imply that in a very large number of jurisdictions the original rule, giving to the word its technical or so-called legal meaning, does not still persist.

 It is recognized in this jurisdiction that, while the word "issue" should ordinarily be construed to mean descendants, Jewell v. Graham, 57 App.D.C. 391, 24 F.2d 257, effect must be given to the intention of the testator, Smith v. Bell, 6 Pet. 68, 8 L.Ed. 322; Buchanan v. National Savings & Trust Co., 57 App.D.C. 386, 23 F.2d 994, and the word "issue" should be construed to mean children if it is used in such context as to make it appear that such was the intention of the testator, Allen v. Reed, 57 App.D.C. 78, 17 F.2d 666; and, indeed, it may have that meaning in one part of a will, even though it be held to have a different meaning in another part of the same instrument, Allen v. Reed, supra. It has not been authoritatively settled in this jurisdiction what, if any, connotation the word has with respect to distribution or division without the aid of other words or assistance from context.

 In the will here under consideration, after making bequests in the first and second items to the children of certain persons, a bequest is made in the third item to "my cousin, Blanche Purnell Russell, wife of Alexander Russell, of Baltimore, Maryland, the sum of One Thousand ($1,-000.00) Dollars; and in case she shall die in my lifetime, then and in that event, I give and bequeath the said amount to such children of the said Blanche Purnell Russell, as shall be living at the time of my decease, equally to be divided between them, share and share alike, and without abatement of any residual bequest." In the fourth item a like bequest is made to his cousin, Frances Purnell Thebaud, with the provision that, in case she died before the testator, leaving children, such bequest should go to such children, equally to be divided between them, share and share alike; but, if the said Frances Purnell Thebaud should die before the testator, leaving no children, then the bequest should go to such of the children of his cousin, Blanche Purnell Russell as should be living at.the time of the testator's death, "equally to be divided between them, share and share alike, and without abatement of any residual bequest."

No reference is made in the will, other than in the residual bequest, to either Emma Kate Whaley, Ethel Purnell MacGregor, or their children or issue. There is nothing in the will to indicate that in the residual bequest the word "issue" is used with any different meaning in respect to the issue of Emma Kate Whaley and Ethel Purnell MacGregor than is intended to be used with respect to the issue of Frances Purnell Thebaud and the issue of Blanche Purnell Russell, and yet the issue of Frances Purnell Thebaud and of Blanche Purnell Russell are designated as the "said issue" of those cousins, while the issue of Emma Kate Whaley and Ethel Purnell MacGregor were not so referred to. This difference in designation can only be explained by the intention of the testator to relate the issue of Frances Purnell Thebaud and of Blanche Purnell Russell in the residual bequest to "the children" of those cousins referred to in the third and fourth items of the will, and, consistent with such intention, the term "said issue" was not used to designate the issue of either Emma Kate Whaley or of Ethel Purnell MacGregor for the simple reason that no reference had been previously made in the will to any children of those cousins, to which such reference would be appropriate. In this connection, a further relation between the two terms appears in that, in both the third and fourth items, in which the word "children" is used, provision is made that such bequest shall not abate any "residual bequest." Clearly, the testator intended the two terms to be read together, and yet I believe that, because of the choice of different terms, the testator intended, by the use of the word "issue" instead of "children" in the residual bequest, to carry further the principle of representation if any of the children of his named cousins should predecease the testator leaving children. The terms used are

but a short and natural way of saying exactly this, particularly when related as here to the term "children" in other items of the will, which are in turn related to the item here under consideration. As indicative of this meaning, it is to be noted that, in the residual bequest, there are lacking the words "equally to be divided between them, share and share alike," which uniformly appear in the other items of the will to which reference has been made. This intention of the testator is further indicated by the stirpital distribution in the event his cousins named in the third and fourth items of the will should predecease him. It is hardly to be supposed that this principle of representation was not to apply with respect to the residual bequest if one of the children of a named cousin should predecease the testator leaving issue. This, I believe, was the intention of the testator in the choice of the term different from, but related to, the term "children" used in the previous items of the will.

There are several principles of construction which press for this conclusion. That construction of doubtful words is to be most favored which will inure to the benefit of the next of kin. A method of distribution following that prescribed by the statute of distribution is considered the most natural and normal. A construction which permits children to compete with their living parents is to be avoided, unless such was plainly the testator's intention. In the case at bar, no children of the named cousins predeceased the testator leaving children or other issue, but this possibility must needs be considered to determine what the testator had in mind in using the terms which he did.

Furthermore, there would seem to be legislative sanction for the view that the word "issue" connotes representation in this jurisdiction. By statute, it is provided that, if a devisee dies before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition be made or required by the will (D.C.Code, Title 29, Section 30). This legislation derives from the English Statute of Wills, 1 Vic., Chapter 26, Section 33. Its prototype exists in many of the States. There has been no decision in this jurisdiction construing the word "issue" as used in this legislation, but it is commonly construed in States having a similar statute as equivalent to heirs, or next of kin, in the descending line, and has been repeatedly held to exclude grandchildren who are children of living children from taking concurrently with their parents. Redfield on Law of Wills, supra.

It is further to be considered that the guardian ad litem for the minors here involved urged that the court receive parol evidence as to the intention of the testator in respect of the use of the word "issue" here involved. It is stated that evidence, if received, would establish that the residuary bequest here involved is identical with the provisions of a residuary bequest in a previous will, with the exception that certain parties mentioned in the residual bequest of the earlier will were deleted from that bequest of the will now under consideration, and that the testator, when asked by the draftsman of the earlier will if he should state in connection with the word "issue" that distribution should be made "per stirpes," the testator answered, "No :" whereupon the testator was asked if he desired the words "per capita" used to designate the manner of distribution, and the testator replied that he desired merely to use the word "issue." Quite aside from the question as to the admissibility of parol evidence in the circumstances here present to establish an intent which may be found in the instrument itself, the offered proof, if received, would not support the contentions of the parties on whose behalf it is offered. While, doubtless, if the term "issue" had been qualified by the phrase "per stirpes," the question now under consideration would not have been raised, it is quite understandable why the testator, who is said to have been choice in his language, would object to such qualification in the residuary bequest. The term "per stirpes," used accurately, means that persons who take do so in a representative capacity and, standing in the place of a deceased ancestor, take only what he would have taken if living. Bearing in mind that the gift in the residuary bequest was directly to the issue of named cousins, and not to such cousins, who even if living, were not to take, if it had been the intention of the testator that the children of such cousins, if living, were to take, the distribution to them would not be per stirpes. If, on the other hand, intending that all of such children should take per capita, but, in the event one of them should predecease the testator leaving issue, that such issue should take their parents' share, the use of the

term "per capita," to which the testator objected, would also be in conflict with his purpose.

In consideration of all of the foregoing, the conclusion reached is that the testator intended the living children of the cousins named each to take, share and share alike, their part of the fractional residue left to the issue of their mother, and the children of any deceased child to take per stirpes the share which their parent would have taken. In this view, it is directed that the four-sevenths of residue bequeathed to the issue of Emma Kate Whaley be distributed one-fourth each to John P. Whaley, Katharine W. Cummins, Thomas B. Whaley, and Ellen R. W. Patton, and that the one-seventh of residue bequeathed to the issue of Ethel Purnell MacGregor be distributed one-half each to Charles Russell MacGregor and George Purnell MacGregor.